### KENNEBEC BOX CO., Inc., v. O. S. RICHARDS CORPORATION.

(District Court, E. D. New York. December 1, 1923.)

1. **Receivers ⬤⟞128—Court's order authorizing certificates determines extent of certificate holders' priority.**

   The court's orders authorizing the issuance of receiver's certificates determines the extent to which the certificate holders are entitled to a priority on the assets of the corporation as against the creditors of the various receivers.

2. **Receivers ⬤⟞152—Party dealing with receiver takes risk of prior incumbrance.**

   Every one dealing with a receiver knows that he has the power to charge the estate only as the court may authorize him, and if a prospective customer fails to inquire how far the assets may be already incumbered, he takes the risk.

3. **Receivers ⬤⟞128—Certificates creating preference issued only on order of court.**

   No receiver's certificates creating a preference can be issued, except on an order of court which is a part of the record on file in the case; hence an examination of the records will show the condition of the assets with respect to liens.

In Equity. Suit by the Kennebec Box Company, Inc., against the O. S. Richards Corporation. On two motions for an order directing permanent receiver to pay out moneys. Motions granted.

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bassett, Thompson & Gilpatric, of New York City (Walter H. Gilpatric, of New York City, of counsel), for Richards Shook Corporation.

Edward J. Connolly, of Brooklyn, N. Y., for Chase Nat. Bank of City of New York, Hamilton Trust Branch.

Myron Butler, of New York City, for Bate, creditor.

Zalkin & Cohen, of New York City (Harry Zalkin, of New York City, of counsel), for receiver.

GARVIN, District Judge. Two motions are before the court, each for an order directing the permanent receiver to pay out of the moneys now in his hands, or out of the first moneys coming into his hands, the respective sums of $7,500 and $3,000, alleged to be due to the holders of receivers' certificates.

Prior to December 9, 1922, Frederick P. Kapper, who had been previously appointed receiver of the O. S. Richards Corporation in this action, the usual suit in equity to preserve assets, was authorized by order of this court to borrow $20,000 on receivers' certificates for the use of the receiver in the conduct of the business of the respondent corporation by him. Pursuant to the authority conferred by said order, he issued certificates in the sum of $7,500. On February 21, 1923, by order of this court, Lee S. Richards, who had been appointed receiver to succeed Kapper, resigned, was authorized to borrow the sum of $12,500 for the use of the then receiver, said Richards, in the preservation of the assets of the corporation. Under the authority of the last-mentioned order he issued certificates to the extent of $3,000. Both of the foregoing orders provided that the receivers' certificates should be—

"at all times prior and superior to any lien upon all the assets, priorities, and effects of the said O. S. Richards Corporation to any and all receivers' certificates or other liens whatsoever which may be hereafter authorized or effected upon such priority and assets by the said court or by said receiver, except as aforesaid."

Thereafter John B. Johnston succeeded Richards as receiver of the defendant corporation. The funds in the present receiver's hands, while ample to meet the payment of this $10,500 of receivers' certificates, are not sufficient to pay all the creditors of the various receivers hereinbefore mentioned.

[1] The court's orders authorizing the issuance of the certificates must determine the extent to which the certificate holders are entitled to a priority lien upon the assets of the corporation as against the creditors of the various receivers. See J. B. & J. M. Cornell Co. (D. C.) 201 Fed. 381. No attempt is made by these motions to displace liens of bondholders.

[2] It has been held that the court having the fund in its custody may establish such priorities as the circumstances warrant, at least as against creditors who extend credit to the receiver after the entry of an order authorizing the priority. As the court remarks in the case of Ball v. Improved Property Holding Co. of New York, 247 Fed. 645, 159 C. C. A. 547:

"Every one who deals with a receiver knows that he has the power to charge his estate only as the court may authorize him, and, if a prospective creditor fails to inquire how far the assets may be already incumbered, he takes the risk."

The result of the ruling sought by those who oppose these motions would be that those willing to advance the moneys necessary in the conduct of an equity receivership would refuse advances, for the supposed security of receiver's certificates, created by order of court, would mean nothing. This would seriously impair the efficiency of a procedure that has come to be recognized as one of the most helpful of recent developments in connection with the administration of corporations solvent, but temporarily embarrassed. If the rights of innocent parties were involved, another question would be presented, but no one need deal with a receiver without ascertaining fully the condition of the estate with respect to liens.

[3] No receivers' certificates creating a preference can be issued, except upon order of court, which is a part of the records on file in the case, and it is perfectly simple, by an examination of the records, to ascertain the condition of the assets with respect to liens.

The motions are granted.